### McNESS v BOHANNAN'S RENT-A-CAR CO

Ohio Appeals, 1st Dist, Hamilton Co

Nos 4135 & 4136. Decided July 18, 1932

Oliver W. Hardin, Cincinnati, and I. L. Huddle, Cincinnati, for plaintiffs in error.

August A. Rendigs, Jr., Cincinnati, and Edward Lee Meyer, Cincinnati, for defendant in error.

## HAMILTON, J.

There is no statutory authorization for a suit of this kind.

The argument is, that the injury grew out of the negligence of a lessee of the defendant in error. That the ordinance had in effect required that defendant in error arrange to indemnify by either insurance or bond any damages that might result from negligence of a lessee of the defendant in error. Defendant in error by leasing, in violation of the duty imposed by law, assumed a personal obligation to do that which the ordinance imposed, or be responsible for its failure.

The claim must be on the ground that it was a common law duty to pay a judgment by reason of the failure to obey a regulatory ordinance. Certainly there could be no obligation under the common law requiring the principal to pay a judgment obtained against his agent.

The actions are grounded on an ordinance of the City, which, it is alleged, defendant failed to obey.

It is not claimed that they are liable under any of the provisions contained in the ordinance, but are liable on the ground of the refusal to bring themselves within the terms of the ordinance.

There is no allegation in the petitions that the judgment creditors are execution proof and the judgments uncollectable from them. The petitions simply allege that the judgments are unsatisfied and unpaid.

It may be that the plaintiffs might maintain an original action against the defendant company for damages, resulting from its falure to comply with the law and the measure of the damage, if such suit were maintainable, would be the loss of judgment, or an amount equivalent to the judgment obtained.

The actions under consideration are based on the collection of judgments as is provided for by the statutes of Ohio in suits against bonding companies. These actions do not constitute such cases.

In the cases cited by counsel in the brief they were direct actions under a statutory duty imposed, and are not in point in the cases before us.

As stated above, had these actions been grounded in tort, resulting in damage to the plaintiffs by reason of failure to obey the ordinance, we would have a different question.

The petitions, as herein indicated, fail to allege a cause of action, and the trial court did not err in sustaining the demurrers and entering judgments.

The judgments are affirmed.

ROSS, PJ, and CUSHING, J, concur.